Matter of Park (Commissioner of Labor) (2024 NY Slip Op 05005)

Matter of Park (Commissioner of Labor)

2024 NY Slip Op 05005

Decided on October 10, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 10, 2024

CV-23-0014
[*1]In the Matter of the Claim of Miyoung Park, Appellant. Commissioner of Labor, Respondent.

Calendar Date:September 11, 2024

Before:Aarons, J.P., Lynch, Ceresia, McShan and Mackey, JJ.

Kimm Law Firm, New York City (Michael S. Kimm of counsel), for appellant.
Letitia James, Attorney General, New York City (Mary Hughes of counsel), for respondent.

Lynch, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 15, 2022, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.
After claimant was separated from her primary employment due to the COVID-19 pandemic, she applied for unemployment insurance benefits online. Claimant, whose English was limited, enlisted the help of her teenage daughter in applying for unemployment insurance benefits and authorized her daughter, on her behalf, to certify that claimant did not work during the weeks at issue, effectively beginning March 18, 2020 and ending March 18, 2021. Based upon those weekly certifications, claimant received unemployment insurance benefits for the period in question, as well as federal pandemic unemployment compensation and lost wage assistance. During the time that claimant certified for benefits, however, she was working part time as a home care worker taking care of her mother, working four days a week, four hours each day.
Thereafter, the Department of Labor found that claimant was ineligible for unemployment insurance benefits because she was not totally unemployed, charged her with a recoverable overpayment of the state and federal benefits and imposed a monetary penalty and forfeiture of future benefit days based upon a finding that she made willful false statements to obtain benefits. Following a hearing, an Administrative Law Judge, among other things, upheld the initial determination.[FN1] By decision filed December 15, 2022, the Unemployment Insurance Appeal Board affirmed the decision of the Administrative Law Judge. Claimant appeals.
Substantial evidence supports the Board's determination that claimant was not totally unemployed. There is no dispute that claimant continued her part-time employment four days a week during the period at issue. As such, for the period prior to January 17, 2021, claimant was ineligible to receive benefits because she was not totally unemployed, despite earning less than $504 a week (see Labor Law §§ 522; 523; 590; 591 [1]). As for the period after January 17, 2021, claimant acknowledged that, on the four days that she worked, she worked four hours a day and, therefore, was not entitled to a full week of benefits during that period (see 12 NYCRR 470.2 [h]). As such, claimant was not eligible for unemployment insurance benefits as she was not totally unemployed during the period in question. Consequently, claimant was not entitled to receive federal pandemic unemployment assistance or lost wage assistance benefits and those payments were also properly recoverable (see 15 USC §§ 9023 [f] [2]; 9025 [e] [1], [2]; 44 CFR 206.120 [f] [5]; Matter of Carmody [Commissioner of Labor], 228 AD3d 1203, 1205-1206 [3d Dept 2024]; Matter of Stoddard [Farm Family Cas. Ins. Co. Corp.-Commissioner of Labor], 228 AD3d 1198, 1199 [3d Dept 2024]; Matter of Martin [Commissioner of Labor], 228 AD3d 1201, 1203 [[*2]3d Dept 2024]).
"Turning to the issue of willfulness, and the Board's imposition of recoverable overpayment of benefits, it is well settled that a claimant is responsible for accurate reporting and must disclose any employment activity when certifying for unemployment insurance benefits, and there is no acceptable defense to making a false statement and a claim that the misrepresentation was unintentional is not sufficient" (Matter of Stoddard [Farm Family Cas. Ins. Co. Corp.-Commissioner of Labor], 228 AD3d at 1200 [internal quotation marks, brackets, ellipsis and citations omitted]). There is no dispute that claimant did not disclose to her daughter — who was certifying on claimant's behalf — that she worked part time so that accurate information could be provided upon weekly certification during the relevant time period, nor did claimant contact the Department regarding the proper certification process, instead relying on the advice of a friend. Under these circumstances, and notwithstanding her exculpatory explanation for failing to disclose a pertinent fact in connection with her claim for benefits, the Board properly charged claimant with a recoverable overpayment of state and federal benefits, and we also find no basis to disturb the imposition of a monetary penalty (see id. at 1200-1201; Matter of Canonico [Commissioner of Labor], 217 AD3d 1307, 1308-1309 [3d Dept 2023]; Matter of McNamara [Commissioner of Labor], 215 AD3d 1215, 1217 [3d Dept 2023]; Matter of Spring [Syracuse City Sch. Dist.-Commissioner of Labor], 215 AD3d 1211, 1212 [3d Dept 2023]; Matter of Cruz [Commissioner of Labor], 215 AD3d 1203, 1205 [3d Dept 2023]). To the extent not specifically discussed, claimant's remaining contentions are without merit.
Aarons, J.P., Ceresia, McShan and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: The Administrative Law Judge also granted claimant's applications to reopen prior decisions entered on default.